Spofford, J.
The motion to dismiss the appeal is overruled. The consolidated cases in which the appeal was taken, are identified by the petition and order of appeal, and the bond is given in favor of the proper party, both in her individual and representative capacities. The pleadings disclose the names of the minors to whom she is tutrix, and the bond would inure to their benefit.
Upon the merits, the cause must be decided by the construction given to the written instrument executed in Mississippi, by the aneester of the plaintiffs, on the 17th December, 1845. The instrument must speak for itself, unaided by parol evidence. It is, to all intents, an.aet of sale with a condition that it shall be defeasible upon the performance of certain acts by the grantor in his lifetime. So fiir'as appears, the grantor died without performing the acts, and the deed thus becomes absolute. Indeed, the plaintiffs, heirs of the grantor, have not pleaded that their ancestor ever paid to the grantee the moneys which were necessary to operate a defeasance of the deed. ¿
They argue that the act was a pledge and not a sale; and that, neither at its date nor at the death of their ancestor did it convey any title to the defendant’s author. There were all the requisites of a sale; a thing, a stipulated price, and a consent. Even were it to be considered in the nature of a mortgage, it would have conveyed the legal title under the law of the place where the contract was made. And, before the mortgagor could have exercised his equity of redemption, he would have been obliged to tender a full discharge of the debt for which the security was given, a tender which has not been made. There is nothing to show that the contract was an antichresis made in contemplation of the law of Louisiana, whither the contracting parties subsequently removed.
The judgment is, therefore, affirmed with costs.